2009-43664
FILED
September 19, 2010
CLERK, U.S. BANKRUPTCY COURT
EASTERN DISTRICT OF CALIFORNIA
0002931634

3 Pages

WILKE, FLEURY, HOFFELT, GOULD & BIRNEY, LLP
DANIEL L. EGAN (SBN 142631)
400 Capitol Mall
Twenty-Second Floor
Sacramento, CA 95814
Telephone: (916) 441-2430
Facsimile: (916) 442-6664

LUNDGREN & REYNOLDS
STEPHEN M. REYNOLDS (SBN 148902)
424 2nd Street #A
Davis, CA 95616
Telephone: (530) 297-5030
Facsimile: (530) 297-2077

UNITED STATES BANKRUPTCY COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBERT E. GROSSGLAUSER,<br><br>Debtor. | Case No.: 09-43664<br><br>WFH-2<br><br>Date: August 31, 2010<br>Time: 2:00 p.m.<br>Dept: E |

### ORDER APPROVING COMPROMISE

The Court, having held a hearing on August 31, 2010 on the the Joint Motion of Creditor Racquel Ruiz and Debtor Robert E. Grossglauser, III for an Order Approving Compromise and good cause appearing therefore,

**IT IS HEREBY ORDERED that:**

1. The Motion is granted;

2. The General Release and Settlement contained in Exhibit A to the motion, and attached hereto as Exhibit A, is approved.

3. Debtor is authorized to enter into the transactions described in the General Release and Settlement, including, but not limited to, the transfer of Debtor's interest in 89 Talmont

586460.1

- 1 -

ORDER APPROVING COMPROMISE

RECEIVED
September 16, 2010
CLERK, U.S. BANKRUPTCY COURT
EASTERN DISTRICT OF CALIFORNIA
0002931634

Circle, Roseville, California to Racquel Ruiz.

4. The transfer of the Debtor's interest in the property located at 89 Talmont Circle, Roseville, California does not alter, limit or reduce the interests or rights of U.S. Bank pursuant to its trust deed.

~~DATED:_____, 2010~~

~~UNITED STATES BANKRUPTCY JUDGE~~

APPROVED AS TO FORM:

PROBER & RAPHAEL

By: _____
CASSANDRA J. RICHEY
Attorneys for Secured Creditor
U.S. Bank, N.A.

Dated: September 19, 2010

By the Court

_____
Ronald H. Sargis, Judge
United States Bankruptcy Court

586460.1

- 2 -

ORDER APPROVING COMPROMISE

# GENERAL RELEASE AND

# SETTLEMENT AGREEMENT

This General Release and Settlement Agreement ("Agreement") is entered into by and between Racquel Ruiz ("Ruiz") and Robert Grossglauser, III ("Grossglauser"). Further, as used herein, Ruiz or Grossglauser may be referred to individually as a "Party" or collectively as the "Parties".

## RECITALS

A. After announcing their engagement, but prior to their anticipated marriage, Ruiz and Grossglauser executed two promissory notes and deeds of trust to purchase a residence located at 89 Talmont Circle, Roseville, California (the "Property"). The first and senior loan and lien is in favor of U.S. Bancorp, and the second and junior lien is in favor of Wells Fargo. In particular, the junior Wells Fargo lien secures an Equityline with FlexAbility Agreement and Disclosure Statement ("Wells Fargo Note") by a Deed of Trust recorded with the Placer County Recorder on July 26, 2007 at document no. 2007-0074093-00 ("Wells Fargo Deed of Trust").

B. After executing, *inter alia*, the Wells Fargo Note and Wells Fargo Deed of trust, and closing the purchase of the Property, Ruiz and Grossglauser decided not to marry.

C. On December 12, 2008, Ruiz instituted an action in the Placer County Superior Court, encaptioned *Ruiz v. Grossglauser, Wells Fargo, et. al.*, which action was assigned case no. SCV24068 by said Court (the "Action"). In her complaint filed

564594.1

1

EXHIBIT A

in the Action, she asserts causes of action for rescission based upon actual fraud, rescission based upon constructive fraud, breach of oral contract, intentional interference with economic advantage, and fraud.

D. On October 30, 2009, Grossglauser commenced a Chapter 13 Bankruptcy case with the United States Bankruptcy Court for the Eastern District of California, which proceeding was assigned case no. 09-43664-E-13L (the "Bankruptcy Proceeding"). In the Bankruptcy Proceeding, Grossglauser objects to the claims asserted against him in the Action by Ruiz.

E. Recognizing the uncertainties associated with litigating the Action, and wishing to resolve the disputes between them, the Parties have agreed to the settlement of the claims asserted in the Action as set forth herein below.

## AGREEMENT

FOR GOOD AND VALUABLE CONSIDERATION, the receipt and adequacy of which is hereby acknowledged, and the recitals, covenants, representations, and further agreements set forth herein below, subject to the conditions precedent set forth below, the Parties hereby agree as follows:

1. Grossglauser's Transfer of Property to Ruiz.

Grossglauser agrees to transfer to Ruiz all right, title and interest he may have to the Property by a Quitclaim Deed in the form annexed hereto as Exhibit A. Grossglauser shall execute the same and deliver this Quitclaim Deed to counsel for Ruiz no later than 3 days following entry of an order of the bankruptcy court approving this agreement. Following his receipt of the executed Quitclaim Deed, counsel for Ruiz agrees to cause the same to be recorded promptly, and to provide a conformed copy of the same to

counsel for Grossglauser within ten (10) days of his receipt of a conformed copy of the Quitclaim Deed bearing the recording data affixed by the Placer County Recorder's Office.

2. Release of Claims.

Subject to the conditions precedent hereto, and excepting the obligations imposed by this Agreement, each of the Parties does hereby fully release the other and each of their successors and predecessors, and each of their current and former heirs, executors, administrators, trustors, trustees, beneficiaries, assigns, partners, partnerships, parents, subsidiaries, holding companies, affiliated and related entities, shareholders, officers, directors, principals, agents, employees, servants, independent contractors, vendors, co-workers, attorneys, insurers and bonding companies, from any and all claims, debts, liabilities, demands, obligations, promises, acts, agreements, costs, expenses, damages, actions, causes of action, counterclaims, set-offs, or judgments of whatever kind or nature, whether now known or unknown, foreseeable or unforeseen, absolute or contingent, based on tort, contract, equity, statutory violation or otherwise (including claims for penalties, disgorgement, restitution and punitive damages).

3. Waiver of Civil Code §1542.

With regard to the releases set forth in Section 4 hereinabove (referred to as "Released Claims"), each Party providing a release hereunder waives the benefit of provisions of Section 1542 of the Civil Code of the State of California which provides as follows:

> "A general release does not extend to claims which a
> creditor does not know or suspect to exist in his or her
> favor at the time of executing the release, which if known

by him or her must have materially affected his or her
settlement with the debtor."

4. Joint Motion in Bankruptcy Proceeding.

It is agreed that each Party shall join in a motion for approval of the settlement set forth in this Agreement, and authorizing Grossglauser to enter in to this Agreement, to be filed in the Bankruptcy Proceeding. The motion shall be prepared by bankruptcy counsel for Ruiz, Daniel Egan. Approval of the motion shall be a condition precedent to the effectiveness of this Agreement.

5. Attorneys' Fees and Costs.

It is agreed that each Party shall bear its own attorneys' fees and costs incurred in prosecuting and defending the claims asserted in the Action and in the Bankruptcy Proceeding, and in the negotiation of the settlement embodied in this Agreement. It is further agreed that no Party shall be allowed recovery of such attorneys' fees or costs from the other in any action, regardless of the theory of recovery asserted.

6. Dismissal of Action.

In the event the joint motion contemplated by Section 4 of this Agreement is granted by the Bankruptcy Court, Ruiz shall file a request for dismissal with prejudice of all claims asserted against Grossglauser in the Action within 14 days following the date on which Grossglauser delivers to counsel for Ruiz the Quitclaim Deed as required by Section 1 above.

7. Representations and Warranties.

The Parties represent and warrant to one another, and agree as follows:

(a) The Parties understand and agree that this is a settlement of disputed

claims and that in the making of this Agreement, nothing contained herein, nor the delivery of consideration described herein shall be considered or deemed to constitute an admission of liability.

(b) The Parties hereto have each received independent legal advice from attorneys of their choice with respect to the advisability of making the settlement set forth in this Agreement and with respect to the advisability of executing this Agreement. Further, this Agreement shall be interpreted according to its fair meaning and not for or against any Party; therefore, the Parties expressly waive the provisions of Section 1654 of the California Civil Code with regard to the interpretation of this Agreement.

(c) Except for the recitals, covenants, representations, warranties and agreements set forth herein, no Party hereto has made any statement or representation to any other Party which has been relied upon by any other Party in entering into this Agreement, and each Party specifically represents that it has not relied upon any recitals, covenants, representations, warranties and agreements of any other party in executing this Agreement, or in making the settlement provided for herein, except for those expressly set forth herein.

(d) The terms of this Agreement are contractual, are not mere recitals, and are the result of negotiations among all the parties.

(e) **This Agreement has been carefully read by, the contents hereof are known and understood by, and it is signed freely by, the Parties. Further, each person executing this Agreement is a representative capacity represents that he or she is legally authorized and empowered to do so.**

(f) Each Party hereto agrees that such Party will not take any action which

would interfere with the performance of this Agreement by any of the Parties hereto or which would adversely affect any of the rights provided to the other Parties herein.

(g) Each Party hereto agrees that such Party will, in a timely manner, take whatever steps are necessary by that Party to carry out the provisions of this Agreement, whether or not specifically required by the express terms of this Agreement.

(h) Grossglauser represents that the Property is subject only to the liens of (1) the Placer County Treasurer/Tax Collector, (2) Wells Fargo Bank and (3) U.S. Bancorp.

(i) The representations and warranties herein of the Parties shall survive the execution of this Agreement, and the delivery and payment required by this Agreement.

8. Conditions Precedent.

(a) The obligations of the Ruiz under this Agreement are subject to the following conditions precedent:

(i) Execution and consummation of an agreement between Ruiz and Wells Fargo Bank resulting in the release of the Wells Fargo Bank liens on the Property.

(ii) Approval of this agreement by the Bankruptcy Court with jurisdiction over the Chapter 13 case of Robert Grossglauser.

(b) The obligations of Grossglauser under this Agreement are subject to the following condition precedent:

(i) Approval of this agreement by the Bankruptcy Court with jurisdiction over the Chapter 13 case of Robert Grossglauser

9. Successors and Assigns.

This Agreement shall inure to the benefit of, and shall be binding upon the successors and assigns of the Parties hereto, and each of them.

10. Integration.

This Agreement constitutes a single, integrated written contract expressing the entire agreement of the Parties hereto relative to the subject matter hereof. No covenants, agreements, inducements, representations, or warranties of any kind whatsoever have been made by any Party, which relate to the subject matter hereof, which are not contained in this Agreement. All prior discussion and negotiations between the Parties have been, and are, merged and integrated into, and superseded by, this Agreement. Any modifications to this Agreement must be in writing signed by each Party.

11. Severability.

In the event that any provision of this Agreement should be held to be void, voidable or unenforceable, the remaining portions hereof shall remain in full force and effect as each provision is an independent covenant and not a condition precedent to the effectiveness of any other provision herein.

12. Governing Law.

This Agreement shall be construed in accordance with, and be governed by, the laws of the State of California, and shall be deemed entered into and executed, and the place for performance shall be the City of Sacramento, County of Sacramento, State of California.

///

///

///

///

///

13. <u>Counterparts.</u>

This Agreement may be signed in counterparts by the Parties hereto, and their counsel, which, when taken together, shall constitute a single fully executed Agreement.

IN WITNESS WHEREOF, the Parties hereto, and their respective attorneys, have approved and executed this Agreement on the dates as set forth below.


DATED: _____          _____
                                Racquel Ruiz

DATED: 7-19-10                  _____
                                Robert Grossglauser, III


AGREEMENT APPROVED AS TO FORM AND AUTHENTICITY OF SIGNATURES OF CLENTS WARRANTED:

DATED: _____          WILKE, FLEURY, HOFFELT, GOULD
                                & BIRNEY, LLP

                                By: _____
                                    Daniel L. Egan
                                    Attorney for Racquel Ruiz

DATED: 7-19-10                  LUNDGREN & REYNOLDS, LLP

                                By: _____
                                    Stephen M. Reynolds
                                    Attorney for Robert Grossglauser, III

RECORDING REQUESTED BY

Wilke, Fleury, Hoffelt, Gould & Birney, LLP

AND WHEN RECORDED MAIL TO:

NAME: DANIEL L. EGAN, ESQ.

ADDRESS: 400 CAPITOL MALL, 22ND FLOOR

CITY & STATE: SACRAMENTO, CA 95814

SPACE ABOVE THIS LINE FOR RECORDER'S USE

The Undersigned Grantor Declares:
Documentary Transfer Tax is $ No Consideration

# QUITCLAIM DEED

FOR VALUABLE CONSIDERATION, receipt of which is hereby acknowledged, ROBERT E. GROSSGLAUSER, III does hereby remise, release, and forever quitclaim to RACQUEL RUIZ, an unmarried woman, any right, title, and interest he has in the following-described real property located in the County of Placer, State of California:

See Exhibit "A" attached hereto and made a part hereof for full legal description.

Assessor's Parcel Number: 362-050-012.

DATED: 7-19-10, 2010.

_____
ROBERT E. GROSSGLAUSER, III

567251.1

# AB 886 (Chapter 399) Notary Certificate Requirements
# Effective January 1, 2008

## California All-Purpose Acknowledgment

*Civil Code section 1189(a)(1) amended to provide that any certificate of acknowledgment taken within the State of California shall be in the following form:*

State of California  )
                     ) SS
County of __Yolo__   )

On __July 19th 2010__ before me, __Michael E Szumowski__,
(here insert the name and title of the officer)
personally appeared __Robert Emil Grassglauser III__ who proved to me on the basis of satisfactory evidence to be the person(s) whose name(s) is/are subscribed to the within instrument and acknowledged to me that he/she/they executed the same in his/her/their authorized capacity(ies), and that by his/her/their signature(s) on the instrument the person(s), or the entity upon behalf of which the person(s) acted, executed the instrument.

I certify under PENALTY OF PERJURY under the laws of the State of California that the foregoing paragraph is true and correct.

Witness my hand and official seal.

_____ [Seal]
(Signature)

[Notary Seal: MICHAEL E. SZUMOWSKI, COMM. # 1823217, NOTARY PUBLIC - CALIFORNIA, YOLO COUNTY, COMM. EXPIRES NOV. 18, 2012]

## California Jurat

*Government Code section 8202(b) amended to provide that any affidavit subscribed and sworn to before a notary in the State of California shall have attached a jurat in the following form:*

State of California  )
                     ) SS
County of __Yolo__   )

Subscribed and sworn to (or affirmed) before me on the __19th__ day of __July__ 20__10__, by __Robert Emil Grassglauser III__ proved to me on the basis of satisfactory evidence to be the person(s) who appeared before me.

_____ [Seal]
(Signature)

[Notary Seal: MICHAEL E. SZUMOWSKI, COMM. # 1823217, NOTARY PUBLIC - CALIFORNIA, YOLO COUNTY, COMM. EXPIRES NOV. 18, 2012]

STATE OF CALIFORNIA       )
                          )  ss.
COUNTY OF Yolo            )

On July 19, 2010 before me, Michael E Szumowski, Notary Public, personally appeared ROBERT E. GROSSGLAUSER, III, who proved to me on the basis of satisfactory evidence to be the person whose name is subscribed to the within instrument and acknowledged to me that he executed the same in his authorized capacity, and that by his signature on the instrument the person, or the entity upon behalf of which the person acted, executed the instrument.

I certify under PENALTY OF PERJURY under the laws of the State of California that the foregoing paragraph is true and correct.

WITNESS my hand and official seal.

_____
Notary Public

[Notary Seal: MICHAEL E. SZUMOWSKI, COMM. # 1823217, NOTARY PUBLIC - CALIFORNIA, YOLO COUNTY, COMM. EXPIRES NOV. 18, 2012]

MAIL TAX STATEMENTS TO:
Racquel Ruiz
5379 Fruitvale Road
Newcastle, CA 95658

567251.1

Order No. 101-35268

# EXHIBIT "A"
# LEGAL DESCRIPTION

THE LAND DESCRIBED HEREIN IS SITUATED IN THE STATE OF CALIFORNIA, COUNTY OF PLACER, UNINCORPORATED AREA, AND IS DESCRIBED AS FOLLOWS:

PARCEL A:

UNIT NO. 89, BEING A PORTION OF PARCEL C AS SHOWN ON THE MAP ENTITLED "FINAL MAP OF VILLEMONT, A CONDOMINIUM PROJECT, SUBDIVISION NO. 03-07", FILED IN THE OFFICE OF THE COUNTY RECORDER OF PLACER ON THE 18TH DAY OF NOVEMBER, 2005, IN BOOK "AA" OF MAPS, PAGE 70, AND AS SHOWN ON THE CONDOMINIUM PLAN FOR VILLEMONT, RECORDED ON THE 21ST DAY OF DECEMBER, 2005, INSTRUMENT NO. 2005-0170369, AND ALSO RE-RECORDED ON THE 2ND DAY OF FEBRUARY 2006, INSTRUMENT NO. 2006-0011889, OFFICIAL RECORDS (HEREINAFTER REFERRED TO AS "THE CONDOMINIUM PLAN").

RESERVING THEREFROM A NON-EXCLUSIVE EASEMENT FOR INGRESS, EGRESS, AND ACCESS OVER THAT PORTION, IF ANY, DESIGNATED "YARD EASEMENT AREA" ON THE CONDOMINIUM PLAN.

EXCEPTING THEREFROM ALL OIL, GAS, MINERALS, HYDROCARBON AND KINDRED SUBSTANCES LYING BELOW A DEPTH OF 500 FEET AS RESERVED IN THAT CERTAIN DEED RECORDED MAY 5, 1982 IN BOOK 2497, PAGE 696, AND THAT CERTAIN DEED RECORDED JULY 24, 1972 IN BOOK 1432, PAGE 305, PLACER COUNTY RECORDS.

PARCEL B:

AN UNDIVIDED 32/32 INTEREST IN AND TO THE RESIDENTIAL COMMON AREA AS DEFINED IN SECTION 2.02(B) OF THE DECLARATION OF COVENANTS, CONDITIONS AND RESTRICTIONS RECORDED IN THE OFFICE OF THE COUNTY RECORDER OF PLACER, ON THE 21ST DAY OF DECEMBER, 2005, INSTRUMENT NO. 2005-0170368, OFFICIAL RECORDS (HEREINAFTER REFERRED TO AS "THE DECLARATION").

EXCEPTING AND RESERVING THEREFROM, THE FOLLOWING:

A) NON-EXCLUSIVE EASEMENTS FOR ENCROACHMENT UPON THE AIR SPACE OF THE UNIT BY THOSE PORTIONS OF THE RESIDENTIAL COMMON AREA LOCATED WITHIN THE UNIT AND FOR THE ENCROACHMENT UPON THE RESIDENTIAL COMMON AREA, SET FORTH IN THE DECLARATION.

B) EASEMENTS THROUGH SAID UNIT FOR INGRESS AND EGRESS, DRAINAGE, ENCROACHMENT, MAINTENANCE OF TEMPORARY STRUCTURES, OPERATION AND STORAGE OF CONSTRUCTION EQUIPMENT AND VEHICLES FOR DOING ALL ACTS REASONABLY NECESSARY TO COMPLETE OR REPAIR THE PROJECT, OR TO DISCHARGE ANY OTHER DUTY OF DECLARANT UNDER THE PROJECT DOCUMENTS OR SALES CONTRACTS OR OTHERWISE IMPOSED BY LAW, AS SET FORTH IN THE DECLARATION.

C) TEMPORARY EASEMENTS FOR ACTIVITY REASONABLY NECESSARY TO SELL, LEASE, RENT OR OTHERWISE DISPOSE OF THE CONDOMINIUMS, AS SET FORTH IN THE DECLARATION.

## LEGAL DESCRIPTION
(Continued)

D) OTHER EASEMENTS AS SET FORTH IN THE DECLARATION.

PARCEL C:

THE FOLLOWING APPURTENANT EASEMENTS:

A) A NON-EXCLUSIVE EASEMENT FOR INGRESS, EGRESS, ACCESS, USE AND ENJOYMENT THROUGH THE ASSOCIATION COMMON AREA AS DEFINED IN SECTION 2.02(D) OF THE DECLARATION.

PARCEL D:

A NON-EXCLUSIVE EASEMENT FOR INGRESS, EGRESS AND ACCESS OVER THE YARD EASEMENT AREA SHOWN AS BEING APPURTENANT TO SAID UNITS REFERRED TO IN PARCEL A HEREINABOVE, AS SHOWN ON THE CONDOMINIUM PLAN.

PARCEL E:

AN EXCLUSIVE EASEMENT FOR EXCLUSIVE USE OF THE UNITS REFERRED TO IN PARCEL A HEREINABOVE, SHOWN AS EXCLUSIVE USE COMMON AREA APPURTENANT TO SAID UNIT ON THE CONDOMINIUM PLAN.

PARCEL F:

PARCEL D AS SHOWN ON THE MAP ENTITLED "FINAL MAP OF VILLEMONT, A CONDOMINIUM PROJECT, SUBDIVISION NO. 03-07", FILED IN THE OFFICE OF THE COUNTY RECORDER OF PLACER ON THE 18TH DAY OF NOVEMBER, 2005 IN BOOK AA OF MAPS, PAGE 70.

EXCEPTING THEREFROM UNITS 100 THROUGH 208 AS SHOWN ON THE CONDOMINIUM PLAN FOR VILLEMONT RECORDED ON THE 21ST DAY OF DECEMBER, 2005, INSTRUMENT NO. 2005-0170369 AND RE-RECORDED ON THE 2ND DAY OF FEBRUARY 2006, INSTRUMENT NO. 2006-0011889, OFFICIAL RECORDS.

APN: 362-050-012